1  FREEMAN MATHIS & GARY, LLP
Robert A. Cutbirth – SBN 131279
2  Michael V. Shepherd – SBN 313406
44 Montgomery Street, Suite 3580
3  San Francisco, CA  94104
Telephone:       415-352-6424
4  Email:            RCutbirth@FMGLaw.com

5  Attorneys for Plaintiff Houston Casualty Company

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN  DISTRICT OF CALIFORNIA

9

10

11  HOUSTON CASUALTY COMPANY,              )  Case No.
                                          )
12              Plaintiff,                 )
                                          )  **COMPLAINT FOR DECLARATORY
13       v.                                )  RELIEF**
                                          )
14  USK MANUFACTURING, INC.               )
                                          )
15                                         )
            Defendant.                     )
16                                         )
                                          )
17  _____   )

18

19       Plaintiff Houston Casualty Company ("HC") files this Complaint for Declaratory Relief against

20  USK Manufacturing, Inc.  ("USK"), alleging the following:

21                **NATURE OF THE ACTION AND AUTHORITY FOR RELIEF**

22       1.       HC brings this action against USK pursuant to the Declaratory Judgment Act, 28 U.S.C.

23  §2201, with notice of this Complaint also informally provided to the underlying Plaintiff, Felicitas

24  Bolanos, by and through her counsel of record in the underlying action, in order to have this Court evaluate

25  and determine the parties' respective rights, responsibilities, and obligations as they may relate to the

26  defense and/or resolution of the underlying matter, captioned *Bolanos v. USK Manufacturing, Inc.,*

27  *Alameda County Superior Court Case No. RG17886701* ("Lawsuit").

28       2.       Specifically, HC seeks a judicial determination of the following:

A.   Whether HC, in accordance with the terms and conditions of Policy H716-914511 (a copy of which is in the possession of USK and its representatives) and California law, met its defense obligation by appointing the law firm of Rogers Joseph & O'Donnell ("RJO") to assist USK in response to Ms. Bolanos's Equal Employment Opportunity Commission (EEOC") Charge and Lawsuit, with RJO properly accepting the appointment as defense counsel;

B.   Whether HC properly funded the defense of the Charge and Lawsuit, based upon invoices submitted by RJO, with RJO directing and conducting the defense of the Charge and Lawsuit in the manner it believed reasonable and appropriate;

C.   Whether HC properly participated in settlement evaluations and determinations, including determinations not to accept certain demands made by Ms. Bolanos (including a purported "policy limit demand") based on the advice of RJO and the advice and guidance of USK's representative, Kendrick Kim.

D.   Whether the Special Verdict returned on the Sexual Harassment and Wrongful Termination theories, and/or any resulting Judgment, involved a specific finding for each theory that one or more of USK's directors, officers, or Managing Agents engaged in malicious or oppressive conduct such that punitive damages should be awarded on each theory, negating any potential indemnity obligation under the HC Policy in keeping with the public policies set forth in Insurance Code Section 533 and associated case authorities.

3.      HC reserves the right to supplement or modify this listing of issues, tendered for resolution as the facts and circumstances of the dispute are presently known and understood, should later facts or circumstances warrant the broadening or inclusion of different issues for resolution.

4.      As permitted by the Federal Rules of Civil Procedure, and any Standing Order of the assigned Judge, HC reserves the right to identify and name new potential Defendants to the extent it is determined that they are proper and real parties in interest in this action and/or they are proper parties based on any other act, error or omission they may or might have committed with respect to the items proposed for adjudication above.

HOUSTON CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

## PARTIES, JURISDICTION, AND VENUE

5.      HC is, and at all times relevant to this action was, a corporation duly formed and existing under the laws of the State of Texas, with a principal place of business in Houston, Texas.

6.      USK is a California corporation, with a principal place of business within Alameda County.

7.      The Lawsuit was filed, and the parties' rights and responsibilities with respect to the Charge and Lawsuit as applied to the terms and conditions of the HC Policy, also arose within Alameda County, with the Lawsuit filed and prosecuted within the Alameda County Superior Court.

8.      The amount in controversy, exclusive of interest, exceeds $75,000.

9.      In light of the foregoing, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332. There is complete diversity of citizenship between HC and USK, and the amount in controversy requirement has been met.

10.     Venue is proper in this Court, and in this Division, because the Defendant conducts its business, and has a principal place of business, within this District and Division, and the underlying Lawsuit for which benefits are sought is also venued within the Alameda County Superior Court.

## FIRST CAUSE OF ACTION - DECLARATORY RELIEF

11.     HC issued Policy H716-914511 to USK, containing a coverage period of August 2, 2016 to August 2, 2017, and with a limit of liability of $1 million, subject to erosion by reasonable and necessary defense fees and costs.  Indemnity under the Policy is limited by its exclusions and definitions, as well as the public policies of California as incorporated into the Policy, or as applied to the Policy, in accordance with California law.

12.     Ms. Bolanos filed her EEOC Charge, which was notified to HC, with HC, in accordance with the terms and conditions of the Policy and California law, meeting its defense obligation by appointing  RJO to serve as defense counsel so that RJO could assist USK in responding and defending against the EEOC Charge.  HC has not been apprised by USK that the defense provided by RJO to the EEOC Charge was insufficient, was below the standard of care, or that USK's interests were in some manner harmed by RJO's defense (or strategies or actions taken in the defense) of the EEOC Charge.

13.     Ms. Bolanos later filed the Lawsuit, asserting claims against USK and Mr. Garcia (who was later dismissed) for sexual harassment and wrongful termination, among other related factual and

HOUSTON CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

1  legal theories, which was notified to HC, with HC properly assigning RJO to serve as defense counsel so

2  that it could assist USK in responding and defending against the Lawsuit.  HC has not been apprised by

3  USK that the defense provided by RJO to the Lawsuit was insufficient, was below the standard of care,

4  or that USK's interests were in some manner harmed RJO's defense (or strategies or actions taken in the

5  defense) of the Lawsuit.

6          14.     HC further understands and believes that at all times, including after the Special Verdict

7  was issued, that USK sought and desired to retain the law firm of RJO as its defense counsel, and more

8  specifically attorney Dennis Huie and RJO, which remains in place even to this date.  Notwithstanding

9  statements by USK's separate counsel that HC should have offered USK the opportunity to select

10 "independent counsel," (with which assertion HC wholly disagrees) RJO continues to represent USK and

11 USK has never expressed a desire or interest in moving its defense to another firm.

12         15.     HC at all times, and in response to each request for involvement, direction or guidance,

13 authorized RJO to undertake all reasonable and/or necessary steps to protect and defend the interests of

14 USK, and RJO has never, at any time, indicated that its ability to provide the best possible defense to USK

15 was in hindered or prevented by any act or omission by HC.

16         16.     Ms. Bolanos, by and through her counsel, made a "policy limit" demand earlier in 2019,

17 following a failed mediation in late 2018, which was analyzed by RJO, with RJO stating that the demand

18 was factually and legally without merit and should be rejected.

19         17.     As noted in the February 25, 2019 rejection letter, approved by RJO and USK, RJO

20 maintained a reasonable settlement value far below the demand, with RJO continuing to believe that Ms.

21 Bolanos had serious credibility issues, and that a motion for summary judgment was expected to be

22 successful, among other key facts and circumstances highlighted in the letter noting why the demand was

23 not reasonable.  HC's evaluation was guided by RJO's analysis, with no contrary facts or circumstances

24 brought to is attention upon which HC may or might have concluded that RJO was improperly evaluating

25 the claim and/or was otherwise providing inadequate or inappropriate guidance.

26         18.     HC, USK and RJO then participated in two Mandatory Settlement Conferences in a further

27 effort to determine if an informal potential resolution might be found.  While facts and statements in those

28 proceedings will not be recited herein, reasonable settlement efforts were made, both within and outside

HOUSTON CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

1    of the mandatory settlement conference proceedings.  Yet, with HC even willing to extend settlement

2    authority (in order to avoid ongoing defense fees) greater that the evaluation of Ms. Bolanos's case by

3    RJO, who at all times continued to find that Ms. Bolanos lacked credibility and a viable factual and legal

4    basis for her claims, and who at all times continued to find that Ms. Bolanos lacked a viable basis for a

5    significant damage award, no settlement could be reached.

6         19.    In keeping with the facts as set forth above, and despite best efforts to seek an informal

7    resolution, the case proceeded to trial, after which the Jury returned a Special Verdict finding that USK

8    engaged in sexual harassment and wrongful termination, and that for each of those two theories upon

9    which the case was tried, a director, officer and/or managing agent of USK (including Kendrick Kim) was

10   involved in the facts giving rise to liability and, by clear and convincing evidence, the director, officer

11   and/or managing agent engaged in malicious or oppressive actions resulting in a finding that USK should

12   be held liable for punitive damages on both such counts.

13        20.    USK, under the terms of the Policy, and given the public policy of this state, had been

14   previously and repeatedly advised of coverage limitations based on the claims for retaliation and wrongful

15   termination that ultimately went to the jury, based on policy and public policy limitations, with those

16   claims being the basis for the adverse Special Verdict and punitive damage findings.

17        21.    While certain other theories did not invoke the provisions of Insurance Code Section 533,

18   particularly those outlined in the EEOC Charge, Ms. Bolanos's approach at trial, and the findings by way

19   of Special Verdict, were based solely on intentional conduct falling outside the scope of indemnifiable

20   damages in keeping with the Policy's definition of "loss" ("loss" does not include punitive or exemplary

21   damages, or matters which may be deemed uninsurable according to the law under which the policy is to

22   be construed), the provisions of Insurance Code Section 533, and the general public policies of California

23   that parties engaging in intentional acts, even if an insurance policy might otherwise suggest a contrary

24   view, are not entitled to indemnity from an insurance coverage provider.  E.g., *Markel American Ins. Co.*

25   *v. G.L. Anderson Ins. Services, Inc.,* 715 F.Supp.2d 1068, 1077 (E.D.Cal., 2010) [pursuant to Insurance

26   Code Section 533, EPLI policy prohibited from indemnifying insured for claims for retaliation and

27   wrongful termination, even if indemnification was otherwise suggested by the Policy, *and such amounts*

28   *are not properly considered in evaluating settlement contributions*] and/or  *Downey Venture v. LMI Ins.,*

HOUSTON CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

1  66 Cal. App 4th 478, 514 (1998) ("A liability insurance policy issued on a nationwide basis may be

2  construed in accordance with the law of the jurisdiction in which a particular claim arises," barring

3  indemnity in California for claims otherwise seemingly covered by the policy).

4      22.    Following the jury's Special Verdict, USK, with the advice and counsel of RJO, entered

5  into immediate settlement negotiations with Ms. Bolanos, reaching a settlement while the parties remained

6  at the Alameda County Superior Court.  HC assumed no responsibility for such settlement, or its associated

7  amounts, with only an offer made to Mr. Kim to determine whether HC might consider again making its

8  previously contemplated settlement contribution available to USK to assist in the funding of its separately

9  negotiated agreement settlement, in an amount greatly exceeding the Policy's initial, and eroded, policy

10 limit.  No promises or assurances of any kind were made to Mr. Kim in this regard, nor did USK rely in

11 any manner upon this potential funding assistance by HC, as USK made the independent decision to enter

12 into this separate settlement with Ms. Bolanos.

13     23.    Thereafter, USK retained separate counsel who has attempted to argue, without factual or

14 legal support in HC's view, that USK should have been offered separate and independent counsel (even

15 though USK would not have accepted such counsel, and suffered no harm as a result of not selecting

16 another law firm to assist in the representation of its interests, particularly when no conflict or inadequate

17 defense has ever been identified), that somehow HC did not fully participate in reasonable settlement

18 offers and/or that HC should have paid well above the RJO claim assessment and settlement range, despite

19 both coverage limitations and the views of USK.  The separate counsel also made such claims despite the

20 fact USK was fully involved in such matters, agreeing that reasonable and appropriate settlement efforts

21 and offers were being made, and never criticizing HC, nor suggesting that HC should take any additional

22 act in order to meet its obligations to USK.

### PRAYER FOR RELIEF

WHEREFORE, HC prays for relief as follows:

A. A judicial determination of the Parties' respective rights and obligations on the issues described above, and the relief to be afforded to HC as a result of the Court's determination of such issues;

HOUSTON CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

1

2

3

B.  A judicial determination that HC met all of its defense obligations to USK, and that no element of the defense of the case as controlled or managed by HC resulted in any damages covered by the Policy, with no amounts owed on an extra-contractual potential basis;

4

5

6

7

8

9

C.  A judicial determination that HC met all of its settlement consideration obligations to USK, and that no element of settlement considerations in which HC was involved, within the standards imposed by the Policy and California law, was breached or violated by HC, particularly as HC relied upon the advice and counsel of RJO, with USK expressing no contrary or different view, such that no amounts are owed in indemnity on a contractual or extra-contractual basis;

10

11

D.  A judicial determination that the Special Verdict findings do not trigger any indemnity obligations under the HC Policy; and

12

E.  Any and all other relief as the Court may deem just and proper.

13

14   DATED:  June 17, 2019                                    FREEMAN, MATHIS & GARY, LLP

15

16

17

18

By:  _____
        Robert A. Cutbirth
Attorneys for Plaintiff Houston Casualty Company

19

20

21

22

23

24

25

26

27

28

HOUSTON CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF